UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
FISHERIES SURVIVAL FUND,                )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 08-1679 (PLF)
                                        )
GARY F. LOCKE,                          )
  *Secretary, United States Department* )
  *of Commerce*,                        )
                                        )
            Defendant.[1]               )
_____ )


MEMORANDUM OPINION

            This matter is before the Court on plaintiff's motion to stay and on defendant's

motion to dismiss as moot.[2]  The parties agree that currently there is no basis for pursuing the

case on the merits because plaintiff has received the relief that it originally sought.  They

disagree, however, as to whether the Court should dismiss the case as moot or instead order that

it be stayed based on a possibility that subsequent events will affect the relief plaintiff received.

After careful consideration of the parties' papers and the relevant case law, the Court finds that

_____

      [1]      The Court has substituted Secretary of Commerce Gary F. Locke as the defendant
for former Secretary Carlos Gutierrez pursuant to Rule 25(d) of the Federal Rules of Civil
Procedure.

      [2]      The parties filed the following papers in connection with these motions: Amended
Fisheries Survival Fund's Motion to Stay this Matter and Incorporated Memorandum of Law in
Support of the Motion to Stay ("Pl. Mot."); Defendant's Motion to Dismiss as Moot Pursuant to
Fed. R. Civ. P. 12(b)(1) and Combined Memorandum of Points and Authorities in Support of
Motion to Dismiss and in Opposition to Plaintiff's Amended Motion to Stay ("Def. Mot.");
Fisheries Survival Fund's Reply to Defendant's Opposition to Plaintiff's Motion to Stay this
Matter and Opposition to Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)
("Pl. Rep."); and Defendant's Reply in Support of Motion to Dismiss as Moot ("Def. Rep.").

the case is moot.  It therefore will grant defendant's motion to dismiss.

On October 1, 2008, plaintiff, a non-profit organization made up of Atlantic

scallop fishing vessels, filed suit in this Court challenging a biological opinion (the "2008

Biological Opinion") issued by the National Marine Fisheries Service ("NMSF"), an agency

within the Department of Commerce.  See Complaint ¶¶ 1-2.  NMSF subsequently amended the

sections in the 2008 Biological Opinion that were challenged by plaintiff.  See Pl. Mot. at 3-4.

Plaintiff does not challenge the 2008 Biological Opinion as amended.  See Pl. Rep. at 1 ("the

challenged provision [was] superseded by agency action").

The parties agree that as a result of defendant's amendment of the 2008 Biological

Opinion, plaintiff has received all of the relief that it originally had sought in this case.  See Pl.

Rep. at 1 ("neither party has a present interest in pursuing the case on the merits"); Def. Mot. at 1

("FSF no longer has any quarrel with the agency action at issue").  The Court is persuaded by

defendant's arguments and the case law cited in defendant's papers that the case therefore is

moot.  See Def. Mot. at 10 ("A case is moot if 'events have so transpired that [resolution of the

case] will neither presently affect the parties' rights nor have a more-than-speculative chance of

affecting them in the future.'") (citing Munsell v. USDA, 509 F.3d 572, 583 (D.C. Cir. 2007));

see also Def. Mot. at 10-12; Def. Rep. at 2-4.  As the court of appeals has explained: "By

constitutional design, a federal court is authorized only to adjudicate 'actual, ongoing

controversies,' and thus may not 'give opinions upon moot questions or abstract propositions, or

. . . declare principles or rules of law which cannot affect the matter in issue in the case before

it.'"  Beethoven.com LLC v. Librarian of Congress, 394 F.3d 939, 950 (D.C. Cir. 2005) (internal

citations omitted).  See also Worth v. Jackson, 451 F.3d 854, 857 (D.C. Cir. 2006) (no federal

subject matter jurisdiction exists where the case is not justiciable because it is moot);

A.N.S.W.E.R. Coalition v. Kempthorne, 493 F. Supp. 2d 34, 42 (D.D.C. 2007) (same).   In a case

such as this, where "events outrun the controversy such that the court can grant no meaningful

relief, the case must be dismissed as moot." McBryde v. Comm. to Review, 264 F.3d 52, 55

(D.C. Cir. 2001).

Plaintiff argues that the case should not be dismissed as moot because of the

existence of a pending, related case, Oceana, Inc. v. Locke, Civil Action No. 08-1881 (D.D.C.).

Oceana, the plaintiff in the related case, challenges the 2008 Biological Opinion, seeking to have

it vacated in its entirety.  See id., Complaint, Dkt. No. 1 (D.D.C. October 31, 2008).  Plaintiff

believes that Oceana will amend its complaint to challenge the amendments to 2008 Biological

Opinion as well as the original Biological Opinion.  See Pl. Mot. at 4-5.  Plaintiff argues that its

own challenge to the original 2008 Biological Opinion would be viable *if* Oceana does amend its

complaint, *and if* it does not succeed in having the 2008 Biological Opinion as a whole vacated,

*but* does succeed in having the amendments vacated, *and if* the Court determines the appropriate

remedy is to reinstate the original version of the 2008 Biological Opinion.  The Court is not

persuaded by this argument.

This hypothetical string of events is far too attenuated to save plaintiff's claim

from a finding of mootness.  See Munsell v. Dep't of Agriculture, 509 F.3d at 583 ("speculation

[as to future events], without more, 'does not shield a case from a mootness determination.'")

(quoting City News & Novelty, Inc. v. City of Waukesha, 531 U.S. 278, 283 (2001));

Beethoven.com LLC v. Librarian of Congress, 394 F.3d at 951 ("a 'theoretical possibility' . . . is

not sufficient to qualify as 'capable of repetition.' . . .  There must instead be a 'reasonable

suspicion' or 'demonstrated probability' that the action will recur."); Van Valin v. Gutierrez, 587

F. Supp. 2d 118, 120 (D.D.C. 2008) ("While a defendant's voluntary cessation of a challenged

practice does not deprive a federal court of jurisdiction . . . 'the case may nevertheless be moot if

the defendant can demonstrate that there is no reasonable expectation that the wrong will be

repeated.'") (quoting United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953)).  Moreover,

plaintiff has not shown that the case falls into any of the exceptions to the mootness doctrine.

See Def. Mot. at 12-14; Def. Rep. at 4-6.  Nor do the legal authorities upon which plaintiff relies

support its position.

    The Court finds that the case is moot and that it therefore does not have subject

matter jurisdiction.  The case will be dismissed without prejudice — should the original 2008

Biological Opinion ever be reinstated, plaintiff may file suit to challenge it.  See Van Valin v.

Gutierrez, 587. F. Supp. 2d at 121 n.5.  Plaintiff's motion to stay will be denied as moot.  An

Order consistent with this Memorandum Opinion will issue this same day.


                                        _/s/_____
                                        PAUL L. FRIEDMAN
                                        United States District Judge


DATE: June 24, 2009